UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5084 RAJ

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Tina M. seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting her testimony, two doctors' opinions, and four lay witness statements. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## I.     BACKGROUND

Plaintiff is currently 58 years old, has a 10th grade education, and has worked as a meter reader, meter technician, and janitor. Dkt. 7, Admin. Record ("AR") 57, 62, 68, 157. On July 13, 2015, Plaintiff applied for benefits, alleging disability as of May 15, 2014. AR 62, 144-45. Plaintiff's applications were denied initially and on reconsideration. AR 61-81. The ALJ conducted a hearing on July 6, 2017, at which Plaintiff and a vocational expert testified. AR 34-

60. On February 22, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 15-28.

## II.     THE ALJ'S DECISION

Using the five-step disability evaluation process, 20 C.F.R. § 404.1520, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since May 15, 2014, the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: Cervical degenerative disc disease and fibromyalgia.

**Step three:** These impairments do not meet or medically equal the requirements of a listed impairment.[1]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations. She can lift and/or carry 20 pounds occasionally, and 10 pounds frequently. She can occasionally crawl, and climb ladders, ropes, and scaffolds. She must avoid concentrated exposure to pulmonary irritants and hazards. She can occasionally push and pull with the left lower extremity, such as for the operation of foot pedals.

**Step four:** Plaintiff is capable of performing past relevant work as a meter reader. This work does not require the performance of work-related activities precluded by the Plaintiff's RFC. Plaintiff is therefore not disabled.

**Step five:** The ALJ did not reach step five.

AR 15-28. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## III.     DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

---

[1] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.    Plaintiff's Testimony**

Plaintiff argues that the ALJ erred in rejecting Plaintiff's symptom testimony. Dkt. 7 at 12-15. Plaintiff testified that she has trouble doing household chores and spending time with her grandchildren. AR 41-43, 55. She testified that she left her last job as a meter technician because she could not keep up with the walking and lifting requirements. AR 52. Plaintiff testified that she had difficulty using her hands and moving her neck. AR 53. She could stand for no more than a half hour before needing to change positions. AR 54. Plaintiff wrote in an adult function report that she could not sit or stand for any length of time. AR 165. She wrote that she suffers from severe fatigue. *Id.* Plaintiff wrote that she could lift 10 pounds and walk less than two blocks without pain. AR 170.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. The ALJ must first determine whether the claimant has presented objective medical evidence of an

1 impairment that "could reasonably be expected to produce the pain or other symptoms alleged." 2 *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). At this stage, the claimant need only 3 show that the impairment could reasonably have caused some degree of the symptoms; she does 4 not have to show that the impairment could reasonably be expected to cause the severity of the 5 symptoms alleged. *Id.* The ALJ found that Plaintiff met this step. AR 22.

6 If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ 7 may only reject the claimant's testimony "by offering specific, clear and convincing reasons for 8 doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014-15. The ALJ 9 rejected Plaintiff's testimony here because he found that it was inconsistent with the medical 10 evidence, and inconsistent with Plaintiff's daily activities. *See* AR 22-24. Neither of these were 11 clear and convincing reasons supported by substantial evidence.

12 **1. Inconsistency with the Medical Evidence**

13 An ALJ may reject a claimant's symptom testimony when it is contradicted by the 14 medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 15 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But the ALJ must explain 16 how the medical evidence contradicts the plaintiff's testimony. *See Dodrill v. Shalala*, 12 F.3d 17 915, 918 (9th Cir. 1993). Furthermore, the ALJ "cannot simply pick out a few isolated 18 instances" of medical health that support his conclusion, but must consider those instances in the 19 broader context "with an understanding of the patient's overall well-being and the nature of [his] 20 symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

21 The ALJ failed to adequately support his reasoning in rejecting Plaintiff's symptom 22 testimony based on inconsistency with the medical evidence. First, the ALJ did not identify any 23 actual inconsistencies; he merely summarized the medical evidence. *See* AR 22-24. The ALJ

was "required to point to specific facts in the record" which demonstrated that Plaintiff was less restricted than she claimed. *Dodrill*, 12 F.3d at 918.

Second, the evidence the ALJ did point to did not contradict Plaintiff's testimony. For example, the fact that Plaintiff could walk from her car to a doctor's office does not contradict her testimony that she could walk less than two blocks without pain. *See* AR 22, 170.

Third, the ALJ's analysis failed to acknowledge the nature of Plaintiff's condition. Fibromyalgia is an "unusual" disease for which "there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain. The condition is diagnosed entirely on the basis of the patients' reports of pain and other symptoms." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal citations and quotation marks omitted). Thus, the fact that Plaintiff had normal muscle strength does not contradict Plaintiff's testimony that she suffers from fatigue and pain due to fibromyalgia. The ALJ accordingly erred in rejecting Plaintiff's symptom testimony based on inconsistency with the medical evidence.

### 2. Inconsistency with Plaintiff's Daily Activities

An ALJ may reject a plaintiff's symptom testimony if her daily activities contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603).

The ALJ erred in rejecting Plaintiff's testimony based on inconsistency with her daily activities. The ALJ reasoned that Plaintiff was able to make simple meals, feed her dogs, dress

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

herself, bathe, load the dishwasher, do laundry, and vacuum. AR 24. But Plaintiff testified that she can only do these activities in short bursts. AR 40-43. Furthermore, these activities reflect the basic elements of a normal life, and do not supply a reasonable basis for discrediting Plaintiff. *See Reddick*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ accordingly erred in rejecting Plaintiff's symptom testimony as inconsistent with her daily activities.

**B.      Medical Evidence**

Plaintiff argues that the ALJ erred in rejecting the opinions of treating doctors Richard Neiman, M.D., and Craig Brewer, M.D. Dkt. 7 at 3-12. An ALJ may rejected the contradicted[2] opinions of a treating doctor by providing "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

**1.      Richard Neiman, M.D.**

Dr. Neiman was Plaintiff's treating rheumatologist. *See* AR 273-327, 389-94, 411-15. Dr. Neiman completed a medical source statement on May 31, 2017. AR 411-13. Dr. Neiman opined that Plaintiff could lift and carry less than 10 pounds occasionally and frequently. AR 411. Dr. Neiman opined that Plaintiff could sit, stand, and walk for less than two hours each. *Id.* He opined that Plaintiff would likely be absent more than five days a month. AR 412. Plaintiff would need to leave early due to pain more than five days a month. *Id.* Plaintiff would need extra unscheduled breaks. *Id.* Dr. Neiman opined that Plaintiff was markedly or severely impaired in her ability to persist and maintain appropriate pace at work, concentrate, and

---

[2] The opinions of Dr. Neiman and Dr. Brewer were contradicted by the opinions of examining doctor Russell Faria, D.O. *See* AR 339-45.

maintain productivity. *Id.*

The ALJ rejected Dr. Neiman's opinions because they were "inconsistent with [Plaintiff's] performance during physical examinations." AR 25. The ALJ's analysis here mirrored his analysis with respect to Plaintiff's testimony. *See* AR 24-25. The ALJ noted, for example, that Plaintiff was able to dress herself and walk from her car to a doctor's office. AR 25. The ALJ noted that Plaintiff had normal motor strength. *Id.* The ALJ's analysis fails with respect to Dr. Neiman's opinions just as it did with respect to Plaintiff's testimony. *See supra* Part III.A. The ALJ consequently erred in rejecting Dr. Neiman's opinions.

### 2. Craig Brewer, M.D.

Dr. Brewer was Plaintiff's treating doctor from August 2006 through January 2016. AR 370. On July 25, 2014, Dr. Brewer completed an opinion statement as part of Plaintiff's request for an accommodation from her employer. AR 449-50. Dr. Brewer opined that Plaintiff could not perform all of the essential functions of her position as a water meter technician. AR 449. Dr. Brewer opined that Plaintiff could perform a sedentary job, and that she should be allowed to get up and walk around periodically. *Id.*

In January 2016, Dr. Brewer opined that Plaintiff could sit for one-third to two-thirds of the day. AR 369. He opined that Plaintiff could stand, walk, bend, kneel, crawl, and climb up to one-third of the day. *Id.* Dr. Brewer opined that Plaintiff could lift, carry, push, or pull 10 pounds or less. *Id.*

The ALJ rejected Dr. Brewer's July 2014 statement because it "does not specifically identify any workplace restrictions, but only indicates that the claimant is not capable of performing her prior job." AR 26. The ALJ also suggested that Dr. Brewer's statement was inconsistent with Plaintiff's daily activities. *See* AR 26-27. The ALJ did not address Dr.

Brewer's January 2016 opinions. *See id.*

The ALJ clearly erred in finding that Dr. Brewer did not specifically identify any workplace restrictions. Dr. Brewer identified such restrictions in his January 2016 statement. AR 369. The ALJ's analysis with respect to Plaintiff's daily activities again mirrored his analysis with respect to Plaintiff's testimony and Dr. Neiman's opinions. *See* 24-27. It fails here just as it failed there. *See supra* Part III.A-B.1. The ALJ therefore erred in rejecting Dr. Brewer's opinions.

**C.    Lay Witness Statements**

Plaintiff argues that the ALJ erred in rejecting lay witness statements from Plaintiff's husband, sister, daughter, and stepdaughter. Dkt. 7 at 15-17. These witnesses submitted statements describing their observations of Plaintiff. AR 185-92, 214-18. Plaintiff's husband wrote that Plaintiff suffers pain and fatigue. AR 185. He wrote that Plaintiff can only do physical activities—such as lifting, squatting, walking, and sitting—for a short period of time. AR 190, 218. Plaintiff's husband wrote that Plaintiff forgets a lot, and starts tasks but rarely finishes them. AR 190.

Plaintiff's sister wrote that Plaintiff was "almost house-bound." AR 215. She wrote that Plaintiff had trouble doing daily household chores. *Id.* Plaintiff's sister observed that Plaintiff struggled to stand from a sitting position, and to climb stairs. *Id.*

Plaintiff's daughter wrote that Plaintiff cannot complete normal household chores or lift heavy objects. AR 214. Plaintiff's daughter noted that Plaintiff had balance issues, and struggled to get from a sitting to standing position. *Id.* Plaintiff's daughter wrote that Plaintiff would lose her train of thought or forget questions she meant to ask. *Id.*

Plaintiff's stepdaughter wrote that Plaintiff struggled to lift and hold her granddaughter.

AR 216. She wrote that Plaintiff was rarely able to attend family gatherings, such as dinners or birthday parties. *Id.* Plaintiff's stepdaughter wrote that Plaintiff "cannot maintain one position for an extended period of time without causing more pain." AR 217.

The ALJ rejected all of these statements because they "did not go into detailed specifications of [Plaintiff's] physical capacities and restrictions." AR 27. The ALJ further reasoned that the lay witnesses were "not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms, [so] the accuracy of the statements is questionable." *Id.* The ALJ last noted that the lay witnesses' statements were given little weight because they "are simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." *Id.*

The ALJ's reasoning here fails. "Lay witness testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 20017) (internal citations and quotation marks omitted). First, the fact that the lay witnesses did not describe their observations in terms of specific functional restrictions is not a germane reason to reject their statements. The lay witnesses' observations could be translated into functional restrictions, and the ALJ was the one tasked to do so. *Cf. Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). The ALJ could not reject the lay witnesses' observations because they were not in the exact form as they would typically appear in the RFC.

Second, the fact that the lay witnesses are not medically trained does not mean they were

incompetent to observe Plaintiff. Lay witness testimony is uniquely valuable because these witnesses, unlike doctors, are able to observe the claimant's symptoms and activities on a daily basis. *See Diedrich*, 874 F.3d at 640 ("The fact that lay testimony . . . may offer a different perspective than medical records alone is precisely why such evidence is valuable . . . .").

Third, as discussed above, the ALJ erred in evaluating the medical evidence, particularly when comparing it to Plaintiff's testimony and the medical opinions in the record. *See supra* Part III.A-B. The ALJ's determination that the lay witnesses' statements were not consistent with the overall medical evidence is thus not supported by substantial evidence. Accordingly, the ALJ erred in rejecting the lay witness statements of Plaintiff's husband, sister, daughter, and stepdaughter.

**D.    Scope of Remand**

Plaintiff asks the Court to remand this matter for an immediate award of benefits. Dkt. 7 at 17-18. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find

the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further administrative proceedings. The opinions of Dr. Brewer and Dr. Neiman conflict with those of Dr. Faria and consulting doctor Robert Hander, M.D. *Compare* AR 368-70, 411-13, *and* 449-50, *with* AR 78-79, *and* 339-45. The ALJ—not the Court—must resolve this conflict. *See Andrews*, 53 F.3d at 1039. Similarly, the Court cannot translate the testimony from Plaintiff and the lay witnesses into functional restrictions. Nor can the Court determine whether Plaintiff could perform her past work or other work that exists in significant numbers in the national economy based on her functional restrictions. Further proceedings are therefore necessary.

On remand, the ALJ shall reevaluate Plaintiff's testimony, reevaluate the opinions of Dr. Neiman and Dr. Brewer, and reevaluate the lay witness statements from Plaintiff's husband, sister, daughter, and stepdaughter. The ALJ should reassess Plaintiff's RFC, as well as steps four and five of the disability evaluation, as appropriate. The ALJ shall conduct all further proceedings as necessary to reevaluate the disability determination in light of this opinion.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge